UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MICHELLE A. WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:12-CV-423-TAV-HBG |
| TECHNOLOGY F~~OR~~ ENERGY CORP., | ) | |
| Defendant. | ) | |

## ORDER

This civil action is before the Court on Defendant's Motion in Limine to Exclude Evidence [Doc. 28]. In this motion, defendant requests the exclusion of ten evidentiary categories or items. Plaintiff responded in opposition to this motion [Doc. 33]. After careful consideration, the Court grants defendant's motion in part and denies in part with leave to renew.

### I. Motion in Limine Standard

"Motions in limine allow the Court to rule on evidentiary issues prior to trial in order to avoid delay and focus pertinent issues for the jury's consideration." *United States v. Amir*, No. 1:10-CR-439, 2011 WL 3862013, at *1 (N.D. Ohio Aug. 31, 2011) (citing *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999)). Evidence should be excluded on a motion in limine only if it is clearly inadmissible. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). Accordingly, "[i]f the court is unable to determine whether or not certain evidence is clearly inadmissible, it should defer ruling until trial so that

1

questions of foundation, relevancy, and potential prejudice can be evaluated in proper context." *Amir*, 2011 WL 3862013, at *1 (citing *Ind. Ins. Co.*, 326 F. Supp. 2d at 846). "A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citation omitted).

## II. Defendant's Motion in Limine

Defendant argues that ten specific categories or items of evidence are inadmissible under Rules 401, 402, 403, 404, 602, or 802 of the Federal Rules of Evidence. More specifically, defendant argues that the following evidence should be excluded pursuant to Rules 401 through 404:

1. Claims that Larry Lehmann allegedly made comments about preferring younger workers when filling positions other than the Regional Sales Coordinator position that is the subject of this action;

2. Any claim that the hiring of 'younger females' for other positions is evidence of age discrimination in the refusal to promote Plaintiff to the Regional Sales Coordinator position;

3. The claim that Larry Lehmann was known as the 'Hugh Hefner' of TEC;

4. Evidence that Mr. Lehmann referred to a female employee named January Phillips as 'Miss January' on one occasion in 2007;

5. Evidence that certain female employees wore blazers at trade shows on which the words 'Aces Angels' were embroidered;

. . .

2

> 8. Any evidence or claim that Brandy Day and/or Kelsey Wood received preferential treatment with regard to work hours, paid time off or working at home;
>
> 9. Evidence of a verbal altercation between two other employees in 2009.

[Doc. 28]. In addition to being inadmissible under Rules 401 through 404, defendant contends that "[t]he claim that Larry Lehmann was known as the 'Hugh Hefner' of TEC" is inadmissible under Rule 802 and that "[a]ny evidence or claim that Brandy Day and/or Kelsey Wood received preferential treatment with regard to work hours, paid time off or working at home" should be excluded pursuant to Rule 602 [*Id.*].

Defendant also argues that the following evidence is inadmissible under Rules 401 through 403:

> 6. Evidence relating to a picture of Kelsey Wood circulated among certain employees of TEC;
>
> 7. Evidence of drawings allegedly made by an unidentified individual at a trade show;
>
> . . .
>
> 10. Opinions of Plaintiff's co-workers concerning Plaintiff's job performance or qualifications.

[*Id.*]. Having carefully reviewed the record and the arguments made by each party, the Court will now discuss its ruling on defendant's motion.

### A. The Extent to Which Defendant's Motion Is Granted

First, the Court finds that "[e]vidence relating to a picture of Kelsey Wood circulated among certain employees of TEC" is inadmissible. Because there is no indication that Larry Lehmann ("Lehmann") was involved with the creation, possession,

3

or dissemination of this picture, or that this picture has any bearing on plaintiff's claims of age discrimination, the Court finds that it is irrelevant under Rule 401 of the Federal Rules of Evidence. It is therefore inadmissible pursuant to Rule 402 of the Federal Rules of Evidence.

The Court likewise finds that "[e]vidence of drawings allegedly made by an unidentified individual at a trade show" is inadmissible. These drawings depicted Kelsey Wood and Brandy Day, two of defendant's female employees. They were drawn by an unidentified "amateur artist" at a trade show [Doc. 29], and plaintiff does not allege that they were drawn at the direction of defendant's employees. The Court finds that these drawings are not relevant to plaintiff's claims of age discrimination under Rule 401 and accordingly finds them to be inadmissible under Rule 402. Thus, defendant's motion in limine is **GRANTED** as to the above evidence.

### B. The Extent to Which Defendant's Motion Is Denied

As to the remainder of the evidence that defendant seeks to exclude, the Court has reviewed the parties' arguments and the record and finds that none of it is inadmissible so as to warrant the Court granting defendant's pretrial motion. All of this evidence could be relevant depending on the context in which it is offered. As to the other rules of evidence under which defendant moves (i.e., Rules 403, 404, 602, and 802), the context in which, and purpose for which, the evidence is offered at trial will dictate its admissibility. Thus, it would be improper for the Court to grant defendant's motion in limine as to this evidence, and the Court therefore **DENIES** the motion in limine as to this evidence.

4

### III. Conclusion

For the reasons explained herein, Defendant's Motion in Limine to Exclude Evidence [Doc. 28] is hereby **GRANTED in part** and **DENIED in part**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE
